IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 30 PM 4: 11

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

RAYMOND KENNEBREW,

    Petitioner,

v.                                            No. 05-2023-D/V

DAVID MILLS,

    Respondent.

---

ORDER DIRECTING PETITIONER TO PAY $5 FILING FEE
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Petitioner, Raymond Kennebrew, prison registration number 321243, an inmate at the West Tennessee State Penitentiary (WTSP), Site 2, filed this petition under 28 U.S.C. § 2254. Kennebrew did not file a motion to proceed *in forma pauperis* or pay the filing fee. The petitioner is ORDERED to either file a properly completed *in forma pauperis* affidavit or pay the five dollar ($5.00) habeas filing fee within thirty (30) days of the date of entry of this order.

The Clerk of Court is ORDERED to file the case and to record the respondent as David Mills. The Clerk shall not issue any process in this case.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

Kennebrew also filed a motion for appointment of counsel. Rule 8(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts provides:

> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A). The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the proceeding.

Because the Court, after reviewing the petition, has concluded that no hearing is necessary and the petition is to be dismissed without prejudice, the motion for appointment of counsel is DENIED.

While serving concurrent eight-year sentences on probation, Kennebrew stabbed Lebron Sledge, causing a three-inch deep wound which ultimately resulted in Sledge's death. During his pre-trial incarceration, petitioner made two phone calls to his girlfriend claiming, in the first, that Sledge had initiated the incident by striking him, and, in the second, explaining that "I did it for your, Ernestine." Each of the phone conversations was recorded. On November 27, 2001, after jury selection, Kennebrew entered an Alford plea to a reduced charge of second degree murder. As a result of his guilty plea, his probation on the prior convictions was revoked and he was required to serve his eight year sentences in the custody of the Department of Correction.

On October 8, 2002, Kennebrew filed a petition for post-conviction relief attacking the validity of the second degree

2

murder conviction. Petitioner alleged that his guilty plea was involuntary because he did not understand the nature and consequences of the plea. He also he contended that he was denied the effective assistance of counsel. In support of his claims, he argued that his plea, entered on the day of trial, occurred "during an emotional, stressful, and compelling situation" which counsel should have known and counsel should have insisted upon a trial based upon a theory of self defense. The trial court denied the petition determining that petitioner fully understood the proceedings and was competent to enter his plea. Kennebrew appealed. The Court of Criminal Appeals affirmed the trial court's determination. Kennebrew v. State, No. E2003-01896-CCA-R3-PC, 2004 WL 1149495 (Tenn. Crim. App. May 24, 2004), perm. app. denied, (Oct. 11, 2004).

On January 4, 2005, petitioner filed this habeas petition alleging that his plea agreement was "illegal" under Tennessee's Sentencing Reform Act of 1989 and the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000), because he must serve his entire sentence with no possibility of parole.

A habeas petitioner must first exhaust available state remedies before requesting relief under 28 U.S.C. § 2254(b). Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

3

   (A) the applicant has exhausted the remedies available in the courts of the State; or

   (B) (i) there is an absence of available State corrective process; or

     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See, e.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982). See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner has failed to exhaust her available state remedies if he has the opportunity to raise his claim by any available state procedure. Preiser v. Rodriguez, 411 U.S. 475, 477, 489-90 (1973).

To exhaust these state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims are wrongfully confining her. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996)(citing Picard, 404 U.S. at 271). "'[T]he

4

substance of a federal habeas corpus claim must first be presented to the state courts.'" Gray, 518 U.S. at 163 (quoting Picard, 404 U.S. at 278). A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." Gray, 518 U.S. at 163. A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." Id.

Conversely, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." Id. When a petitioner raises different factual issues under the same legal theory, he is required to present each factual claim to the highest state court in order to exhaust his state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(holding that exhaustion requirement mandates presentation of all claims to state court through discretionary review process); see also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987). An inmate has not exhausted his state remedies if he has merely presented a particular legal theory to the courts without presenting each factual claim. Pillette, 824 F.2d at 497-98. The claims must be presented to the state courts as a matter of federal law. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."

5

Anderson v. Harless, 459 U.S. 4, 6 (1982); see also Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Moreover, the state court decision must rest primarily on federal law. Coleman v. Thompson, 501 U.S. 722, 734-35 (1991). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, a petitioner ordinarily is barred by this procedural default from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). However, the state-court decision need not explicitly address the federal claims; instead, it is enough that the petitioner's brief squarely presents the issue. Smith v. Digmon, 434 U.S. 332 (1978) (per curiam).

Kennebrew's habeas claims were not raised in the post-conviction petition or addressed by the Tennessee Courts. Further presentation of his claims is now barred by both Tennessee's state post-conviction petition statute of limitations and by Tennessee's one-petition rule. See Tenn. Code Ann. § 40-30-202(a), (c) (1997). Thus, the claims are exhausted through petitioner's procedural default, and consideration of them in this federal petition is barred by that default.

6

Kennebrew has alleged neither cause and prejudice nor actual innocence to avoid this procedural bar. He may not use post-conviction counsel's failure to raise these claims as cause and prejudice for his default, because there is no right to counsel in a collateral proceeding, under Coleman v. Thompson, 501 U.S. 722, 734-45 (1991) and Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)(holding "the right to appointed counsel extends to the first appeal of right, and no further."). See also 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Petitioner's procedural default operates as a complete and independent procedural bar to federal habeas review of the claims raised in this petition.

Therefore, as it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal prior to service on the respondent is proper. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The petition is DISMISSED.

The Court must also determine whether to issue a certificate of appealability. The statute provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

7

>   (A)   the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B)   the final order in a proceeding under section 2255.
>
> (2)   A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)   The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief.  The holding in

8

> Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 1040 (quoting Barefoot, 463 U.S. at 893); see also id. at 1042 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[1]

In this case, there can be no question that any appeal by this petitioner on any of the issues raised in this petition does not deserve attention. The petitioner cannot make a substantial showing of the denial of a federal right, and he is not entitled

---

[1] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 1039. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id. at 1040.

9

to a certificate of appealability under 28 U.S.C. § 2253. The Court therefore DENIES a certificate of appealability.

Also with regard to any appeal, the United States Court of Appeals for the Sixth Circuit has held that the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2254 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[2] the petitioner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. Kincade, 117 F.3d at 952. If the motion is denied, the petitioner may renew the motion in the appellate court.

Rule 24(a) of the Federal Rules of Appellate Procedure states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability

---

[2]  Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

10

>     to pay fees and costs or to give security therefor, the
>     party's belief that that party is entitled to redress,
>     and a statement of the issues which that party intends
>     to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis.

    IT IS SO ORDERED this 30th day of August, 2005.

                                      BERNICE B. DONALD
                                      UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02023 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

Raymond Kennebrew
WEST TENNESSEE STATE PENITENTIARY
321243
P.O. Box 1150
Henning, TN 38041

Honorable Bernice Donald
US DISTRICT COURT